UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANE ROE, an assumed name, and
JOHN ROE, an assumed name,

      Plaintiffs,

v.

PROVIDENCE HEALTH SYSTEM-OREGON,
dba PROVIDENCE ST. VINCENT MEDICAL
CENTER; PROVIDENCE ST. VINCENT
MEDICAL FOUNDATION; KAISER
FOUNDATION HOSPITALS; KAISER
FOUNDATION HEALTH PLAN OF THE
NORTHWEST; WOODRUFF ENGLISH, M.D.;
JOHN BAKKE, M.D.; STEVEN L. GORDON,
M.D.; JOHN DOE, Director of Providence St.
Vincent Medical Foundation,

      Defendants.

Civil No. 06-1680-HU

OPINION AND ORDER

HAGGERTY, Chief Judge:

1 - OPINION AND ORDER

Magistrate Judge Hubel has issued a Findings and Recommendation [35] in this action recommending that defendants' Motion to Dismiss [12] be denied, their Motion to Make More Definite and Certain [12] be granted, and plaintiffs' Motion to Proceed Under a Fictitious Name [14] be denied.  Plaintiffs filed objections to the Findings and Recommendation [39], and the matter was then referred to this court.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Plaintiffs' objections were filed in a timely manner.  The court has given this matter a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, plaintiffs' objections, and the entire record.  Magistrate Judge Hubel provided a thorough recitation of the facts and circumstances regarding this litigation, and that background need not be repeated here.  For the reasons below, the court adopts in part and rejects in part the Findings and Recommendation.

## **ANALYSIS**

Plaintiffs make two primary objections to the Findings and Recommendation.  They first argue that three of the factual findings relied upon by the Magistrate were erroneous.  Contrary to the Findings and Recommendation, plaintiffs contend that the individual feared by Jane Roe (1) does not know her home address, (2) is unaware of the places she frequents, and (3) is not necessarily deterred by Jane Roe's restraining order against him.  Pls.' Objections at 9.  Second, plaintiffs challenge the Magistrate's application of the Ninth Circuit's balancing test for

determining whether to allow the use of fictitious names. *Id*. at 6. Accordingly, this court reviews those sections of the Magistrate's report *de novo*.

In the Ninth Circuit, parties are permitted to use fictitious names "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. This court finds that the threat of danger to Jane Roe favors the preservation of plaintiffs' identity, particularly because defendants have not demonstrated prejudice and the public's interest will not be substantially impaired should plaintiffs proceed anonymously.

*Advanced Textile* established a five-factor balancing test to weigh the parties' respective interests in the use of pseudonyms. *Id*. at 1070-73. Under this test, the district court must analyze the (1) severity of the threatened injury, (2) reasonableness of plaintiffs' fears, (3) plaintiffs' vulnerability to retaliation, (4) prejudice to defendants, and (5) public's interest in knowing the parties' names. The court will address these factors in turn.

### 1. The Severity of the Threatened Injury

Jane Roe filed an affidavit and exhibits detailing her fear of an individual against whom she has a restraining order. According to this evidence, Jane Roe has suffered past violence at the hands of this individual and fears for her continued safety if the individual learns of her involvement in the present court proceedings. Jane Roe Decl., Ex. C. Jane Roe's testimony

3 - OPINION AND ORDER

details the violent means with which the individual has threatened to kill her. Neither defendants nor the Findings and Recommendation dispute Jane Roe's statements regarding the severity of the threatened injury. *Id*. Death, being the most severe of threatened injuries, favors the use of fictitious names in this action.

### 2. The Reasonableness of Plaintiffs' Fears

The Findings and Recommendation finds that "plaintiff Jane Roe made a showing that she reasonably fears harm from an individual . . ." Findings and Recommendation at 10. *American Textile* held that "[w]hat is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." 214 F.3d at 1071. Applying this language, the court agrees with the Findings and Recommendation that the evidence provided by Jane Roe under seal demonstrates her legitimate concern and that a reasonable person in her position would also fear the threat's fulfillment.

### 3. Plaintiffs' Vulnerability to Retaliation

The Findings and Recommendation finds that Jane Roe "has not demonstrated that the use of her true name in this litigation would increase her vulnerability to this person . . ." Findings and Recommendation at 10. Specifically, "her supporting documents show that [the individual] already knows her name and where she lives," and "she believes that [the restraining order] deters the individual from harming her." *Id*. Therefore, the Findings and Recommendation concludes that the inclusion of Jane Roe's real name in this court file would not increase her vulnerability to being harmed. *Id*.

Plaintiffs' objection states that the Findings and Recommendation relied on erroneous factual findings to reach this conclusion. Pls.' Objections at 2. Plaintiffs contend that the

individual (1) does not already know Jane Roe's home address, (2) does not know the places she frequents, and (3) is not necessarily deterred by the restraining order against him.

Plaintiffs assert that Jane Roe's statement–that the individual knows where she lives–was an historical account of particular events, and does not indicate that the individual knows her *current* address. However, plaintiffs provide no documentation to demonstrate that the domicile referred to in Jane Roe's statement is different than her current residence. This court agrees with the Findings and Recommendation that the individual might already know Jane Roe's home address. Nevertheless, this court diverges with the Findings and Recommendation's ultimate application of *Advanced Textile*, and finds that Jane Roe's vulnerability to harm will likely increase if her name is included in this court file.

Even accepting as true that the individual knows Jane Roe's home address and some of the places she frequents, she will still face a greater risk of harm if the individual knows of her involvement in this court proceeding. If the individual gains knowledge of Jane Roe's involvement in this case, he will have access to substantial personal information, and the dates and times of her court proceedings. Jane Roe will be less able to protect herself outside of her home. Her daily strategic advantages will be curtailed; she cannot modify her daily routine and traveling routes if the individual knows the date, time, and location of her court proceedings. Unlike the Findings and Recommendation, this court finds that Jane Roe's preexisting risk of harm does not negate the increased vulnerability she will face if her personal information is publicly disclosed in this lawsuit.

The same is true with respect to Jane Roe's restraining order: that it may have been effective in deterring the individual in the past does not mean that its utility will continue if Jane

Roe's personal information and court dates are exposed. Further, if Jane Roe was confident that the restraining order was effective, her continued use of pseudonyms during her frequent hospital visits, Jane Roe Decl. ¶ 2, would be unnecessary. That her use of fictitious names persists indicates that she doubts the utility of the restraining order and that her safety remains in jeopardy.

Jane Roe is also severely handicapped and would be unable to flee or defend against an attack. She suffers from Multiple Sclerosis, chronic nausea, extreme fatigue, seizure disorder, optic neuritis, chronic anemia, and a host of other debilitating illnesses. Pls.' Objections at 9. Thus, her vulnerability to attack is great. Absent a compelling public interest in the availability of plaintiffs' names or prejudice to the defendants, the *American Textile* balancing favors plaintiffs.

### 4. Prejudice to Defendants

In some instances, a plaintiff's interest in secrecy may be outweighed by prejudice to the defendant's case from the use of fictitious names. This court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *American Textile*, 214 F.3d at 1068 (internal citations omitted). Here, the Findings and Recommendation found, and this court agrees, that "Providence defendants have not shown any prejudice that would result from the use of a fictitious name by Jane Roe . . ." Findings and Recommendation at 10.

Defendants contend that their "ability to subpoena records from third parties, ability to question third parties about plaintiffs and their claims, and the prejudice to defendants of having 'anonymous' plaintiffs appear before a jury" all weigh against the use of fictitious names.

6 - OPINION AND ORDER

Providence Defs.' Mem. Supp. Mot. Dismiss at 3.  However, plaintiffs addressed the first two concerns by clarifying that they "do not object to the use of plaintiffs' true names in connection with subpoenas, so long as reasonable measures are taken to avoid widespread public disclosure of their names and location."  Pls.' Resp. Mot. Dismiss at 8.  Defendants' third concern, that a jury will view the court's sanction of plaintiffs' fictitious names as tacit agreement with the merits, is a nonissue in this particular suit.  Jane Roe's fear and need for anonymity is unrelated to the underlying claims of this case.  Because that distinction can be fully explained to the jury, this court finds that defendants will not be prejudiced at trial.

As in *American Textile*, this court "recognize[s] that at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations . . ."  214 F.3d at 1072.  At this stage, however, this court agrees with the Findings and Recommendation that defendants are not prejudiced by plaintiffs' use of fictitious names.

### 5. Public Interest

The Ninth Circuit has recognized that a party's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings."  *American Textile*, 214 F.3d at 1067.  In that case, however, the court found that the public's interest would not be hindered if the plaintiffs in that case brought their suit anonymously under the Fair Labor Standards Act.  *Id*. at 1072-73.  In fact, the court held that "[t]he public also has an interest in seeing this case decided on the merits," because employment suits often benefit the public at large.  *Id*. at 1073.

Here, not only does this court "fail to see . . . how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case," *id*. at 1072,  the public has an

7 - OPINION AND ORDER

interest in seeing this case decided on the merits. Jane Roe's allegations center on disability discrimination, an issue which carries important implications for disabled persons and for society as a whole. Should Jane Roe or her husband be mandated to provide their true identities, they may be deterred from continuing the lawsuit. Therefore, the public's interest in an open trial will not be impaired, and may actually be better served if plaintiffs' identities remain sealed.

**CONCLUSION**

After applying the *American Textile* balancing test, this court agrees with the Findings and Recommendation that defendants will suffer no prejudice if plaintiffs are allowed to proceed anonymously. Given the nature of the violent threats made against Jane Roe, and her reasonable fear of those threats, this court finds that the balance tips in her favor. Plaintiffs' use of fictitious names is warranted. Accordingly, the Findings and Recommendation [35] is adopted in part and denied in part. Providence defendants' Motion to Dismiss [12] and Motion to Make More Definite and Certain [12] are DENIED. Plaintiffs' Motion to Proceed Under a Fictitious Name [39] is GRANTED.

IT IS SO ORDERED.

Dated this   26   day of June, 2007.

  /s/ ANCER L. HAGGERTY  
ANCER L. HAGGERTY  
United States District Judge