IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JANE ROE, an assumed name, and<br>JOHN ROE, an assumed name, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Case No.  06-1680-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| PROVIDENCE HEALTH SYSTEM - OREGON<br>dba PROVIDENCE ST. VINCENT  MEDICAL<br>CENTER, a domestic nonprofit corporation;<br>PROVIDENCE ST. VINCENT MEDICAL<br>FOUNDATION, a domestic nonprofit corporation;<br>KAISER FOUNDATION HOSPITALS, a foreign<br>nonprofit corporation; KAISER FOUNDATION<br>HEALTH PLAN OF THE NORTHWEST, a<br>domestic nonprofit corporation, WOODRUFF<br>ENGLISH, M.D., an individual employee of<br>defendant Providence Health System-Oregon,<br>JOHN M. BAKKE, M.D., an individual employee<br>of defendant Kaiser Foundation Health Plan;<br>STEVEN L. GORDON, M.D., an individual<br>employee of defendant Kaiser Foundation Health<br>Plan, and JOHN DOE, Director of Providence St.<br>Vincent Medical Foundation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Page 1 - OPINION AND ORDER

KING, Judge:

Defendants prevailed in the trial of plaintiffs' public accommodation discrimination claims alleged under the Americans with Disabilities Act ("ADA") and similar state statute, as well as on plaintiffs' common law torts.  Before the court is Defendant Providence's Motion for an Award of Attorney Fees (#147) and Defendant Providence's Cost Bill (#146).

## DISCUSSION

I.    Attorney Fees

Defendant seeks attorney fees in the amount of $270,995 which represents fees incurred from filing of the state court case in March 2005, through voluntary dismissal of the state case, filing the federal case in November 2006, and trial of the federal case.  Defendant argues that plaintiffs' claims were unreasonable and vexatious when filed and became more so when plaintiffs continued to pursue the claims after their unreasonableness was evident.

Plaintiffs contend that their claims were not unreasonable, even though they did not prevail.  They note that several claims made it to the jury rather than being dismissed early on.

The ADA allows the court, in its discretion, to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  In a civil rights case, a prevailing defendant may be awarded statutory attorney fees if the case was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Dobie v. Liberty Homes, Inc., 53 Or. App. 366, 374, 632 P.2d 449 (1981) (applying *Christiansburg* standard to awarding attorney fees to defendants prevailing in an ORS Ch. 659 discrimination case).

Although plaintiffs did not prevail on any of their claims, I cannot say that the claims were frivolous, unreasonable, or without foundation.  Plaintiff had significant rights under the public accommodation statutes concerning her service dog.  The trial issue was how those rights could be asserted in light of defendant's belief that the particular service dog posed a direct threat to the health and safety of others at the hospital.  I decline to award attorney fees.

II.    Costs

Defendant seeks costs in the amount of $21,734.50, consisting of a filing fee of $164.00, a prevailing party fee under ORS 20.190 of $550.00, and expert witness fees of $21,020.50.

There is no filing fee for defendants to appear in federal court.  The $164.00 filing fee sought by defendant is presumably from the related prior state court action.  I decline to award it.

Plaintiffs object to the prevailing party fee defendant seeks under ORS 20.190, maintaining that it cannot be awarded in federal court.  The state statute provides for the fee in a civil action seeking damages when a judgment is entered after trial in a circuit court.  This is not an Oregon circuit court.  I decline to award the fee.

Plaintiffs also object to awarding any expert witness fees.

The ADA's authorization for an award of litigation expenses encompasses an award of expert witness fees.  Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).  The *Christiansburg* standard also applies to an award of costs under the ADA because the statute makes fees and costs parallel.  Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001).  Litigation expenses are also parallel and thus would fall within the *Christiansburg* standard.  As explained above, defendants have not met the standard.  Accordingly, I decline to award expert witness fees under the ADA.

Defendant also prevailed on plaintiff's ORS 659A.142(3) public accommodation claim

and seeks the expert witness fees under ORS 659A.885(1).  Plaintiffs note that

ORS 659A.885(6)(e) limits an award of expert witness fees to a prevailing defendant to

situations when the court determines that the plaintiff had no objectively reasonable basis for

asserting the claim, essentially the *Christiansburg* standard.  Defendant correctly points out that

the version of ORS 659A.885(6) in effect at the time only applies to public accommodation

discrimination "on account of race, color, religion, sex, national origin, marital status, or age"

and does not apply to disability discrimination.  Consequently, ORS 659A.885(6) does not apply

to this case.

An award of the expert witness fees, then, would have to come from ORS 659A.885(1),

which allows costs and reasonable attorney fees.  But ORS 20.107(1) would also apply:

> In any civil judicial proceeding . . . based on a claim of unlawful discrimination
> [t]he court may award reasonable attorney fees and expert witness fees incurred by
> a defendant who prevails in the action if the court determines that the plaintiff had
> no objectively reasonable basis for asserting a claim or no reasonable basis for
> appealing an adverse decision of a trial court or agency.

Again, this is essentially the *Christiansburg* standard, which I found was not met.  For

this reason, I decline to award the expert witness fees.


///


///


///


Page 4 - OPINION AND ORDER

**CONCLUSION**

Defendant Providence's Motion for an Award of Attorney Fees (#147) and the Defendant

Providence's Cost Bill (#146) are denied.  I will allow defendant to file an amended cost bill by

December 4, 2009 which seeks costs under  28 U.S.C. § 1920.

IT IS SO ORDERED.

Dated this _____20th_____ day of November, 2009.


      /s/ Garr M. King
      Garr M. King
      United States District Judge